UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS McDANIEL,

                    Plaintiff,

         -against-

THE CITY OF NEW YORK; ALLAN
DELEON Shield # 1919 23 Precinct; SEAN
DEGNAN; BENJAMIN LEVIN,

                    Defendants.

1:20-CV-2832 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Plaintiff, who is currently incarcerated in the Bare Hill Correctional Facility, brings this

*pro se* action asserting that the defendants have violated his federal constitutional rights. He

states that he is a convicted prisoner. He sues the City of New York, Police Officers Allan

Deleon and Sean Degnan, and Assistant District Attorney Benjamin Levin. He seeks damages,

declaratory relief, and "injunctive relief that order[s] supreme court and appellate court the

correct order of hearings/turnarounds that are appeal [sic]." (ECF 2, at 5.) The Court construes

the complaint as asserting claims for *habeas corpus* relief under 28 U.S.C. § 2254, and claims for

damages under 42 U.S.C. § 1983. The Court also construes Plaintiff's complaint as asserting

claims under state law.

        By order dated May 5, 2020, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*.[1] For the reasons discussed below, the Court grants

Plaintiff leave to file an amended complaint within sixty days of the date of this order.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

Plaintiff makes the following allegations in his complaint: On March 8, 2019, on 103rd Street in Manhattan, he was illegally arrested and charged with assault in the second degree; he was accused of committing the assault on February 17, 2019. Prosecutors dropped the assault charge, but a grand jury indicted him on charges of criminal possession of a weapon and perjury. "A suppression of evidence hear[ing] was allowed against Judge Clotts['s] ruling. Under the fruit of the poisonous tree exclusionary rule, the case should have been dismissed." (ECF 2, at 4.) Plaintiff was arrested without probable cause and "without suspicio[n] of committing" assault in the second degree under the "Debore 4 tier system of probable cause." (*Id.*) "The video shows [Plaintiff] not having a weapon in hand [and] the victim said he saw no weapon." (*Id.*)

The part of the grand jury's minutes discussing the issue of probable cause "has been blocked out with huge gaps." (*Id.*) A police officer "admitted not knowing that the knuckles were a weapon," and one of Plaintiff's defenses at trial was "knowledgeable possession." (*Id.*) The grand jury believed Plaintiff was lying when he stated that he did not possess a weapon. (*Id.* at 4-5.) Plaintiff asks: "How can [he] have knowledge of weapon possession when no one knows it's a weapon[?]" (*Id.* at 5.)

During his 13-month pretrial detention, Plaintiff experienced "illegal strip searches, fights, medical delay[s], poisoned food, hazard[ous] exposure, and retaliation from" jail staff. (*Id.*) "All of this combined with 3 other arrest[s] has been one big conspiracy to arrest and prosecute and incarcerate [him]." (*Id.*) His claims include "malicious prosecution, false arrest, abuse of process, medical indifference, retaliation, conspiracy, impotence of bail." (*Id.*)

**DISCUSSION**

A.    *Habeas corpus* **relief**

The Court understands Plaintiff's claims for declaratory and injunctive relief as claims for *habeas corpus* relief under 28 U.S.C. § 2254. A federal district court has jurisdiction to consider claims for *habeas corpus* relief that are brought by "a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But the United States Court of Appeals for the Second Circuit has cautioned against construing a mislabeled submission as a § 2254 petition in light of the "second or successive" provisions of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(b)(3)(A); district courts must normally give a *pro se* litigant notice and an opportunity to withdraw his submission before a court recharacterizes it as a § 2254 petition. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003).

Section 2254 requires a litigant to exhaust all of his available state-court remedies before seeking *habeas corpus* relief. *See* § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion requirement means that the state courts must be given the first opportunity to review constitutional errors associated with a litigant's custody. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A litigant may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* at 845. "A [litigant] has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In order to exhaust his state-court remedies as to any grounds for § 2254 *habeas corpus* relief from a New York State conviction, a litigant seeking such relief must appeal his judgment

of conviction in the New York Supreme Court, Appellate Division. *See* N.Y. Crim. Proc. Law. § 460.70. Should that court's decision adversely affect the litigant, he should then seek leave to appeal in the New York Court of Appeals, New York State's highest court. *See* N.Y. Crim. Proc. Law § 460.20; *see United States ex rel. Bagley v. LaVallee*, 332 F. 2d 890, 892 (2d Cir. 1964). Should the litigant wish to assert grounds for § 2254 *habeas corpus* relief that were asserted in the trial court after his conviction, in motions brought under N.Y. Crim. Proc. Law § 440.10, or in other comparable postconviction collateral motions, he must exhaust his state-court remedies as to those grounds by seeking leave to appeal in the Appellate Division. *See Ramos v. Walker*, 88 F. Supp. 2d 233, 235 (S.D.N.Y. 2000).

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires a litigant to specify all of his available grounds for *habeas corpus* relief, setting forth the facts supporting each of the specified grounds, and stating the relief requested. The litigant's pleading must permit the Court and the respondent to comprehend both the litigant's grounds for *habeas corpus* relief and the underlying facts and legal theory supporting each ground so that the issues presented in the pleading may be adjudicated.

Plaintiff's complaint suggests that he was convicted in the New York Supreme Court, New York County, and that he has appealed his conviction in the New York Supreme Court, Appellate Division, First Department. And because he seeks declaratory and injunctive relief with respect to his conviction, the Court understands his complaint as seeking § 2254 *habeas corpus* relief. But because he does not state whether the Appellate Division has issued a decision on his appeal, and if so, whether he sought leave to appeal from the New York Court of Appeals, it is unclear whether he has exhausted his available state-court remedies. He also does not state the grounds that he raised on appeal or specify his grounds for § 2254 *habeas corpus* relief.

Accordingly, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to either (1) withdraw his claims for § 2254 *habeas corpus* relief, or (2) file an amended complaint in which he shows (a) that he has exhausted his available state-court remedies, (b) the grounds he has presented to the state courts, and (c) his grounds for § 2254 *habeas corpus* relief.[2]

## B.    Claims of false arrest under 42 U.S.C. § 1983

For a claim of false arrest under 42 U.S.C. § 1983, the Court must first look to New York State law. *See Wilson v. Garcia*, 471 U.S. 261, 277 (1985) ("[W]e have found tort analogies compelling in establishing the elements of a cause of action under § 1983 . . . ."); *cf. Lanning v. City of Glens Falls*, 908 F.3d 19, 25-26 (2d Cir. 2018) (holding, in the context of claims of malicious prosecution under § 1983, that common-law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State (quoting *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 921 (2017))). To establish a claim of false arrest under New York State law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) *the confinement was not otherwise privileged*." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012) (alteration and emphasis in original). If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," *Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)), the arrest is privileged, and the plaintiff cannot state a claim of false arrest, *see, e.g.*, *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007).

---

[2] To the extent that Plaintiff seeks *habeas corpus* relief because of Fourth Amendment violations, the Court generally cannot consider such claims in a *habeas corpus* challenge. *See Stone v. Powell*, 428 U.S. 465, 481-82 (1976).

Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly*, 439 F.3d at 152 (internal quotation marks and citation omitted). "[P]robable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *see Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("[O]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.") (internal quotation marks and citation omitted).

An officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck*, 543 U.S. at 153; *Jaegly*, 439 F.3d at 154 ("[A] claim for false arrest turns only on whether probable cause existed to arrest a defendant, and . . . it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest."). Thus, so long as there is probable cause to arrest, "it is of no significance under the Fourth Amendment that [the] plaintiff was arrested for a different charge . . . than the charge for which he was later convicted." *Young v. Rodriguez*, No. 3:10-CV-1175, 2014 WL 3179813, *2 n.5 (D. Conn. July 8, 2014).

A conviction conclusively establishes that probable cause existed. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "But this is so only if the conviction 'survives appeal.'" *Id.* (citation omitted).

It appears that Plaintiff was convicted of offenses that were not the offense for which he was arrested. He seems to assert that he has appealed his conviction. But it is unclear whether his appeal is pending or resolved, and if resolved, what was the result of his appeal. Plaintiff also fails to allege sufficient facts to show that the arresting officer lacked probable cause to arrest him. The Court therefore grants Plaintiff leave to file an amended complaint in which he states the status of his appeal, and if his appeal was resolved, its result. He must also allege facts showing that the arresting officer lacked probable cause to arrest him.

## C.   Claims of malicious prosecution and abuse of process under § 1983

A claim of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Wallace v. Kato*, 549 U.S. 384, 390 (2007) (emphasis in original, footnote omitted). To state a claim of malicious prosecution under § 1983 and New York State law, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). For the purpose of a claim of malicious prosecution under § 1983, a prosecution terminates in a plaintiff's favor when "the criminal proceedings against him [are] terminated in a manner indicating his innocence." *Lanning*, 908 F.3d at 29.

"While malicious prosecution concerns the improper issuance of process,'[t]he gist of abuse of process is the improper use of process after it is regularly issued.'" *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) (alteration in original). To state a claim of abuse of process under § 1983, a plaintiff must allege facts showing that a defendant: "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm

without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Id.*

Because claims of malicious prosecution under § 1983 call into question the validity of a conviction or sentence, a plaintiff cannot assert such a claim for any relief unless he is acquitted or, if convicted, his conviction or sentence has been reversed on direct appeal, expunged by executive order, invalidated by a state tribunal authorized to make such determinations, or otherwise called into question by a federal court's issuance of a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 80-82 (2005) (citing and quoting *Heck v. Humphrey*, 512 U.S. 477 (1994)). This rule has been extended to claims of abuse of process under § 1983 that "clearly implicate[] the validity of [the plaintiff's] conviction." *See Zarro v. Spitzer*, 274 F. App'x 31, 34 (2d 2008) (summary order) (internal quotation marks omitted); *cf. Hadid v. City of New York*, 730 F. App'x 68, 71 (2d Cir. 2018) (summary order) (favorable termination rule under *Heck* does not apply to federal abuse of process claim that was not factually inconsistent with the plaintiff's conviction).

Plaintiff has alleged insufficient facts to state a claim of malicious prosecution or abuse of process under § 1983. As to his claims of malicious prosecution, he has failed to allege facts showing that his criminal proceeding terminated in a manner indicating his innocence. And as to his claims of abuse of process, he has failed to allege sufficient facts to show that either his criminal proceeding terminated in his favor or that his claims of abuse of process do not implicate the validity of his conviction.

Because Plaintiff seems to allege that he has appealed his conviction, but he does not state whether it is pending or has been resolved, the Court grants him leave to file an amended complaint in which he alleges sufficient facts to state these claims. He must specify whether he

has appealed his conviction, and if so, whether the appeal is pending or has been resolved, and if resolved, its result.

**D.      The City of New York**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim against a municipality under § 1983, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff has alleged no facts showing that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. The Court grants Plaintiff leave to file an amended complaint in which he alleges sufficient facts to state such a claim under § 1983.

**E.      Personal involvement of individuals**

To state a claim under § 1983 against a person in their individual capacity, a plaintiff must allege facts showing the person's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995)). An individual defendant

may not be held liable under § 1983 solely because that defendant employs or supervises a

person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may

not be held liable for the unconstitutional conduct of their subordinates under a theory of

*respondeat superior*."). An individual can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[3]

Plaintiff names three individuals – Police Officers Deleon and Degnan, and Assistant

District Attorney Benjamin Levin – but he fails to specify how any of these individuals were

personally involved in any violations of his federal constitutional rights.[4] He has also failed to

name as defendants, and allege the personal involvement of, any other individuals who may have

been personally involved in the violations of his federal constitutional rights. The Court therefore

grants Plaintiff leave to file an amended complaint in which he names as defendants all of those

individuals who were personally involved in the violations of his federal constitutional rights and

alleges facts showing those individuals' personal involvement in the violations.

---

[3] "Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

[4] To the extent that Plaintiff asserts claims under § 1983 for damages against Levin, in his individual capacity, arising from his efforts to prosecute Plaintiff, Levin is immune from suit for such claims under the doctrine of prosecutorial immunity, and those claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013); *see also Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the *in forma pauperis* statute).

**F.      Leave to amend**

The Court grants Plaintiff leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[5] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[6] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)   give the names and titles of all relevant persons;

b)   describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

---

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[6] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2019, in the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated his federally protected rights; *what* facts show that his federally protected rights were violated; *when* such violation occurred; *where* such violation occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Chambers will mail a copy of this order to Plaintiff.

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:20-CV-2832 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time.

If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss his claims for *habeas corpus* relief without prejudice, dismiss his remaining claims under federal law for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and will decline to consider his claims under state law under the Court's supplemental jurisdiction, *see* 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated:    May 21, 2020
          New York, New York

                                              *Louis L. Stanton*
                                          Louis L. Stanton
                                               U.S.D.J.