UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS McDANIEL,

               Plaintiff,

          -against-

THE CITY OF NEW YORK,

               Defendant.

1:20-CV-2832 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

     Plaintiff, who is incarcerated in the Bare Hill Correctional Facility, is proceeding *pro se* and *in forma pauperis* ("IFP"). In an order dated May 21, 2020, the Court construed Plaintiff's original complaint as asserting claims for *habeas corpus* relief under 28 U.S.C. § 2254, claims for damages under 42 U.S.C. § 1983, as well as claims under state law, and it granted Plaintiff leave to file an amended complaint. On July 21, 2020, the Court received Plaintiff's unsigned amended complaint; it names the City of New York as the sole defendant and seeks only damages. (ECF 6.) By order dated August 5, 2020, the Court granted Plaintiff 30 days' leave to sign and submit a declaration so that Plaintiff could comply with the signature requirement of Rule 11(a) of the Federal Rules of Civil Procedure. (ECF 7.) The Court received Plaintiff's signed declaration on August 18, 2020. (ECF 8.) For the reasons discussed below, however, the Court dismisses this action.

## STANDARD OF REVIEW

     The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

**A.     The May 21, 2020 order**

In its May 21, 2020 order, the Court construed Plaintiff's claims in his original complaint for declaratory and injunctive relief as claims for *habeas corpus* relief under 28 U.S.C. § 2254. (ECF 5, at 4.) But because the original complaint was unclear as to whether Plaintiff had exhausted his available state-court remedies with regard to any challenge he made to his state-court conviction or sentence, and because Plaintiff did not state any grounds for relief that he had previously raised, or specify his grounds for § 2254 *habeas corpus* relief, the Court granted Plaintiff leave to either withdraw his claims for § 2254 *habeas corpus* relief or file an amended complaint in which he included such information. (*Id.* at 5-6.)

The Court also granted Plaintiff leave to file an amended complaint in which to allege facts sufficient to state claims of false arrest, malicious prosecution, or abuse of process under 42 U.S.C. § 1983. (*See id.* at 6-10.) With respect to his claims of false arrest, the Court granted Plaintiff leave to amend his complaint to allege facts about the status of his appeal of his state-court conviction, as well as facts showing that the police officer who arrested him lacked probable cause to do so. (*Id.* at 8.) With respect to the Plaintiff's claims of malicious prosecution, the Court granted Plaintiff leave to amend his complaint to allege facts showing that his criminal proceeding had terminated in a manner indicating his innocence. (*See id.* at 9-10.) And with respect to his claims of abuse of process, the Court granted Plaintiff leave to amend his complaint to allege facts showing that either his criminal proceeding terminated in his favor or that his claims of abuse of process do not implicate the validity of his conviction. (*See id.*)

The Court further granted Plaintiff leave to file an amended complaint in which he alleged facts sufficient to state a claim under § 1983 against the City of New York. (*Id.* at 10.) In addition, the Court granted Plaintiff leave to amend his complaint to name as defendants all of

the individuals who were personally involved in the violations of his federal constitutional rights and to allege facts showing those individuals' personal involvement in the violations. (*Id.* at 10-11.)

**B.      Plaintiff's amended complaint**

In his amended complaint, Plaintiff names the City of New York as the sole defendant and he seeks only damages. He alleges the following: For months while he was held on Rikers Island, jail officials there failed to provide him with his medication for his unspecified sexually transmitted disease, and then only did so after he filed multiple grievances. (ECF 6, at 2.) Medical officials at his jail dismissed his complaints about pain he was suffering, and he was unable to be examined by a physician because to do so, he would have to be examined on days when he was scheduled to appear in court. (*Id.*)

Plaintiff asserts claims of abuse of process, and states that he was charged with assault in the second degree, but that the state court did not prove "all the elements of the crime." (*Id.* at 4.) "There was no reasonable suspicion because the felony complaint says a closed fist fight. The video shows no weapon being use[d] by [Plaintiff] but a bottle being used by the vict[i]m." (*Id.*) Plaintiff states that "[t]he entire process of prosecuting [him] with such a high bail for a low class [felony]/nonviolent felony was to remaned [sic] [him] to have [him] cop a plea on another case . . . ." (*Id.* at 5.) He also states that "[t]he use of high bail was to stop [him] from creating a perfect defense and give [the] court a higher success rate of conviction. [Plaintiff] was punished to trial because [he got] a dismissal" in a previous criminal action. (*Id.*) He seems to assert that he was selectively prosecuted. (*Id.* at 5-6.)

Plaintiff also asserts claims of false imprisonment and false arrest. He alleges the following: He "was false[ly] imprisoned from March 9, 2019 to date." (*Id.* at 7.) He "was forcefully arrested and confined without [his] consent or being told why. [There] was no

4

reasonable suspicion for the arrest and fr[ui]ts of the [poisonous] tree doctrine exclusionary rule applies . . . ." (*Id.*) Plaintiff states that "the victim of a stabbing got into a fight with [him]. The video show[ed] [that the victim] was the aggressor and [that the victim] had a weapon . . . and tried to strike [Plaintiff] on the head." (*Id.* at 20.) The video evidence also showed Plaintiff throwing a punch in "self defense." (*Id.*) Plaintiff was "arrested . . . based off the 911 call and the video which show[ed] no su[s]picion of assault in the 2nd or 3rd degree to give officers probable cause . . . ." (*Id.*)

Plaintiff further purports to assert claims against Justices Clott, Drysdale, Biben, Stolz, and Scherzer of the New York Supreme Court, New York County. (*Id.* at 8.) He alleges that these judges "are not even appointed or elected by the states to [p]reside over [his] criminal[] cases . . . ." (*Id.* at 7.) He states that "[h]alf of them are sitting permanently on a temporary seat . . . . [T]hey don[']t have the right to initiate, dismiss, enter orders judgments or decision[s]." (*Id.*) These judges "have illegal[l]y signed indictment[s], grand jury minutes and the entire proceeding is illegal." (*Id.*) Justice Drysdale "allow[ed] prosecution without proving all the elements of the crime. . . . He allowed the [prosecutor] to act with negl[e]ct without due process." (*Id.*) Justice Biben "refuse[d] to let [Plaintiff] speak," which Plaintiff asserts violated his rights under the First Amendment. (*Id.* at 8-9.) Plaintiff alleges that "the Judges are all violat[ing]" his right to due process. (*Id.* at 9.) "They have had improper adjournment, answered motion order and decision without valid case law/criminal procedure law, and allowed court to proceed with obvious defect in grand jury [minutes]." (*Id.*) Justices Stolz and Scherzer "denied motions without stating why . . . ." (*Id.* at 10.)

In addition, Plaintiff asserts claims of malicious prosecution. But he does not allege any facts to support those claims; he only asserts statements about the law concerning that type of

claim. (*Id.* at 11-13, 21-23.) He also makes statements about the law concerning the doctrines of witness and prosecutorial immunity. (*Id.* at 23-24.) He further alleges that his right to a speedy trial was violated, and that trial court erred when it denied his motion to dismiss the criminal action against him arising from that speedy-trial violation. (*Id.* at 14.) And he alleges that the bail set at his criminal proceeding was excessive. He states that he was originally charged with assault in the second degree and "possession [of] a weapon in the" third degree, and that his bail was originally set at $45,000, and then increased to $65,000. (*Id.* at 16.) He also states that the assault charge was dismissed, but that the bail amount was increased to more than $100,000. (*Id.*) He alleges that his "bail was raised in an effort to . . . produce hardship for [him] to post it, so that [the] court m[a]y get a higher success rate of conviction." (*Id.*)

## DISCUSSION

Because in his amended complaint Plaintiff names the City of New York as the sole defendant and seeks only damages, the Court deems the following claims from the original complaint abandoned: Plaintiff's claims against the individual defendants and Plaintiff's claims for *habeas corpus* relief. *See Dluhos v. Floating and Abandoned Vessel, known as New York*, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supercedes the original, and renders it of no legal effect.") (internal quotation marks and citation omitted). And because Plaintiff asserts in his amended complaint that his federal constitutional rights have been violated, and also asserts claims under state law, the Court construes Plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1983, as well as claims under state law, against the sole defendant, the City of New York.[1]

---

[1] Even if the Court understood the amended complaint as asserting claims under § 1983 of false arrest, malicious prosecution, or abuse of process against individuals, Plaintiff has not complied with the Court's May 21, 2020 order because he has failed to allege facts sufficient to state any of those claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). And even if the Court were to also

6

**A.      Claims under § 1983 against the City of New York**

In the May 21, 2020 order, the Court granted Plaintiff leave to file an amended complaint to allege facts sufficient to state a claim under § 1983 against the City of New York. (ECF 5, at 10.) Specifically, the Court granted Plaintiff leave to amend his complaint to allege "facts showing that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights." (*Id.*) But Plaintiff has alleged no such facts in his amended complaint. The Court therefore dismisses Plaintiff's claims under § 1983 against the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims under state law**

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law that Plaintiff is asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

---

understand Plaintiff's amended complaint as asserting claims under § 1983 against Justices Clott, Drysdale, Biben, Stolz, and Scherzer arising from those judges' decisions while presiding over Plaintiff's criminal proceedings, the Court would dismiss Plaintiff's claims against those judges under the doctrine of judicial immunity and as frivolous. *See* § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action.

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider Plaintiff's claims under state law under the Court's supplemental jurisdiction. 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated:   September 22, 2020
         New York, New York

                                                    _Louis L. Stanton_
                                                         Louis L. Stanton
                                                            U.S.D.J.